**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4799

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKY FRANKLIN SWINDELL, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-98)

Submitted:  June 24, 2005          Decided:  July 19, 2005

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Ricky Franklin Swindell pled guilty to possession with intent to distribute cocaine base and brandishing a firearm during a drug trafficking crime in violation of 21 U.S.C. § 841(a)(1), (b)(1) (2000) and 18 U.S.C. § 924(c)(1)(A)(ii) (2000). Swindell was sentenced to the statutory mandatory minimum for both offenses, which totalled 204 months' imprisonment. Swindell's plea agreement reserved the right to appeal the court's denial of his motion to suppress. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising the suppression issue. Counsel concedes, however, that the issue is not meritorious. Although notified of his right to do so, Swindell has not submitted a pro se supplemental brief.

This Court reviews factual findings underlying a district court's suppression determination for clear error and the district court's legal conclusions de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this Court reviews the evidence in the light most favorable to the Government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

"An officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000); Terry v. Ohio, 392

- 2 -

U.S. 1, 30 (1968).  To conduct a <u>Terry</u> stop, there must be "at least a minimal level of objective justification for making the stop."  <u>Id.</u>  Reasonable suspicion requires more than a hunch but less than probable cause and may be based on the collective knowledge of officers involved in an investigation.  <u>Id</u>; <u>see also</u> <u>United States v. Hensley</u>, 469 U.S. 221, 232 (1985).

In assessing police conduct in a <u>Terry</u> stop, courts must look to the totality of the circumstances.  <u>United States v. Sokolow</u>, 490 U.S. 1, 8 (1989).

> Generally speaking, a "seizure" warranting protection of the Fourth Amendment occurs when, in view of the totality of the circumstances surrounding the "stop," a reasonable person would not feel free to leave or otherwise terminate the encounter. . . . In applying the totality of the circumstances test, courts look to numerous factors including the time, place and purpose of the encounter, the words used by the officer, the officer's tone of voice and general demeanor, the officer's statements to others present during the encounter, the threatening presence of several officers, the potential display of a weapon by an officer, and the physical touching by the police of the citizen.

<u>United States v. Weaver</u>, 282 F.3d 302, 309-10 (4th Cir. 2002) (citations omitted).

Officers conducting a lawful <u>Terry</u> stop may take steps reasonably necessary to protect their personal safety, check for identification, and maintain the status quo.  <u>Hensley</u>, 469 U.S. at 229, 235; <u>see also</u> <u>United States v. Moore</u>, 817 F.2d 1105, 1108 (4th Cir. 1987) (brief but complete restriction of liberty is valid under <u>Terry</u>).  After reviewing all the evidence in the light most

- 3 -

favorable to the Government, we conclude the encounter did not escalate into an unconstitutional seizure.

Even if we were to presume that the police officer illegally detained Swindell, Swindell's assault on the officer constituted a new crime. The investigation into the new crime led to the discovery of the evidence sought to be suppressed. This court has held that "[i]f a suspect's response to an illegal stop 'is itself a new, distinct crime, then the police constitutionally may arrest the [suspect] for that crime.'" United States v. Sprinkle, 106 F.3d 613, 619 (4th Cir. 1997) (quoting United States v. Bailey, 691 F.2d 1009, 1017 (11th Cir. 1982)). "[B]ecause the arrest for the new, distinct crime is lawful, evidence seized in a search incident to that lawful arrest is admissible." Id. Here, the evidence in question was found after the assault. Therefore, Swindell's motion to suppress was properly denied.

In accordance with the requirements of Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Swindell's convictions and sentence. This Court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United State for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to

- 4 -

withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED